(164 App. Div. 740)

### HUNSBERGER et al. v. GUARANTY TRUST CO. OF NEW YORK.
### (No. 6492.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. CORPORATIONS (§ 473\*)—CERTIFICATION OF BONDS BY TRUST COMPANY—ACTIONS AGAINST TRUST COMPANY—LIABILITY FOR ACCEPTING INSUFFICIENT SECURITY.

Where a trust company agreed to certify bonds issued by a building association, on pledge to it of first mortgages, with the stipulation that the title be insured and the fact that the mortgages were first mortgages guaranteed by the insurance company, the trust company, assuming liability only for gross negligence, was justified in accepting the insurance company's guaranty that the mortgages pledged were first, and it was not liable to a bondholder, though the mortgages were in fact second, and consequently no security.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1842–1853, 1855: Dec. Dig. § 473.\*]

2. CORPORATIONS (§ 521\*)—CERTIFYING BONDS—LIABILITY OF TRUST COMPANY TO BONDHOLDER—QUESTIONS FOR JURY.

Where a trust company agreed to certify bonds issued by a building association on pledge of first mortgages to the trust company, such mortgages to be accompanied by an appraisal of the property, and the mortgages not to exceed 65 per cent. of the appraisal, with a stipulation that the trustee should not be liable, except for gross negligence, in an action by a bondholder against the trustee, whether the trustee was guilty of gross negligence in substituting for good security mortgages accompanied by appraisals showing on their face that the improvements were only in course of construction, and that the property was valued on the basis of the completed improvements, was for the jury.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2094–2098; Dec. Dig. § 521.\*]

Appeal from Trial Term, New York County.

Action by Joseph H. Hunsberger and others, as administrators, against the Guaranty Trust Company of New York. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, and DOWLING, JJ.

James H. Hickey, of New York City, for appellant.

Russel S. Coutant and Charles H. Russell, both of New York City, for respondent.

DOWLING, J. [1, 2] Plaintiff's intestate was the owner of a collateral trust bond in the denomination of $500, issued by the Interstate Land & Building Co-operative Association, for which she paid par in the open market on January 25, 1910. Said bond bore a certification of the defendant's predecessor in the following form:

#### Trustee's Certificate.

It is hereby certified that this bond is one of the series of bonds described in the trust and supplemental agreements herein mentioned, and cash, or mortgages and cash, have been deposited with the trustee as therein provided.

The Standard Trust Company of New York, Trustee.
By L. T. Stanton, Vice Pres't.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The trust agreement therein referred to was executed by said association with the Standard Trust Company, and thereunder it was provided that the association should secure the payment of the bonds issued by it, both as to principal and interest, by pledging with the trustee bonds secured by first mortgages upon improved real estate in the states of New York and New Jersey, of a face value equal to the amount of the trust bonds to be certified and delivered by the trustee, and to further deposit with the trustee with each mortgage a proper assignment of the same, and a title insurance policy issued by a duly authorized title insurance company of the state of New York or New Jersey, insuring the title of the premises so mortgaged, and that the same were first mortgages, and to also deposit with such trustee an appraisal of each piece of property covered by such mortgage, said appraisal to be made by an official appraiser of one of the said title companies, appraising each of said piece of property at such a sum that the mortgage upon such piece of property should not exceed 65 per cent. of the appraised valuation of such property, and to further deposit with the trustee a sum in cash equal to 10 per cent. of the amount of the bonds so certified and delivered by the trustee. The agreement also contained a clause that the trustee should not be liable, except for its own willful misconduct or default, or for its own gross negligence.

The aggregate amount of the bond issue so provided for was $1,000,000, but in fact bonds to the aggregate of but $9,000 were issued. The trustee on June 1, 1910, held bonds and mortgages as collateral security under the agreement in question to the amount of $9,000, and it surrendered the same to the association and received in return therefor three other bonds and mortgages for $3,000 each, making the same aggregate amount. These were held by the defendant to secure the existing bondholders, among whom was plaintiff. At the time that the substituted security was accepted by the defendant, it received policies of title insurance in the North Jersey Title Insurance Company, insuring the three mortgages thus received, each for $3,000, as first mortgages on the premises in question. At the same time appraiser's certificates were delivered to the defendant as required by the agreement, which appraised the properties, respectively, at $4,800, $4,700, and $4,650; but, forming part of each of said appraisals, under the heading of "Remarks," appeared the following:

"The building in course of erection is a two-story and attic frame dwelling of seven rooms, and when completed is to have all the latest modern improvements, steam heat, tiled bathroom, oak floor on the first story, except the kitchen, beam ceiling in dining room, electric and gas lighting. The valuation above given of the land is based upon the fact that gas, water, and electric lights are being carried throughout this entire tract."

Of the total appraised value, the building figured in two of the appraisals at $3,500 and in the other at $4,000. It thereafter developed that the mortgages were not first, but second, mortgages upon the property, and that the first mortgages were foreclosed and the property sold to satisfy them, rendering the lien of these second mortgages valueless to the bondholders. It furthermore appeared that the buildings on the premises in question were not completed at the time the substituted security was accepted by the trustee; that on one parcel

there were no improvements of any kind, not even a cellar having been dug or foundations laid; that on another parcel the concrete foundation only had been built; and that upon the third an attempt had been made to dig the cellar, but no other work done. It was testified that the value of these parcels was $400 each, or $1,200 in all, at the time of the transaction in question. Upon the auction sale the property was bought in at $500 for each parcel, or $1,500 in all, being less than the total of the first mortgages. It thus appears that defendant, having in its possession for the protection of the bondholders, under the terms of the trust agreement, bonds and mortgages which presumably were in conformity with the terms of the trust agreement, agreed to the substitution in place thereof of new securities which upon their face did not comply with the requirements of the agreement.

We think that the trustee was justified in relying upon the certificate of the Title Insurance Company showing that the mortgages were first liens upon the property. We think, however, that a question of fact was presented for determination by the jury as to whether the trustee was guilty of gross negligence in accepting the substituted security upon the report of an appraiser required under the agreement to be furnished to defendant, when such appraisal showed that the value fixed upon the buildings was that of completed buildings, while the very appraisals stated that the buildings were only in course of erection, and when they further disclosed that the value of the land alone was utterly insufficient to meet the 65 per cent. requirement of the agreement. Under the agreement between the building association and the trustee, the latter could be held liable for its gross negligence, and upon that issue the plaintiff duly asked to be allowed to go to the jury, and excepted to the refusal to permit him so to do. We think this was clearly error, and the judgment and order appealed from will therefore be reversed, with costs, and a new trial ordered, with costs to appellant to abide the event.

It seems to have been assumed by both parties that the association was insolvent, and that plaintiff's bond had been rendered valueless by the foreclosure of the first mortgages upon the property in question, and that nothing could be collected upon it by the plaintiff. If this be not so, then that issue should be disposed of as well upon the new trial.

Judgment reversed, and new trial ordered; costs to appellant to abide event. All concur.