ADDISON S. PRATT, as Trustee under the Last Will and
Testament of LILLIAN F. DECHERT, Deceased,
Plaintiff, *v.* THE COMMERCIAL TRUST COMPANY OF
NEW YORK and ADDISON S. PRATT, as Administrator
with the Will Annexed under the Last Will and
Testament of LILLIAN F. DECHERT, Deceased,
Defendants.

(Supreme Court, New York Special Term, December, 1918.)

Accounting — misappropriation of trust funds — when complaint states
a good cause of action.

A trustee who misappropriates trust funds may be sued
either at law for conversion or in equity for an accounting.

A trust company with notice and knowledge that moneys
in accounts with a certain bank and with itself standing in the
name of an·estate were the property of a trust estate, credited
the proceeds thereof to the personal account of the former
trustee, who thereafter and in violation of the trust used a
large part of the moneys belonging to the estate which he
deposited to his own account with the defendant trust com-
pany in payment of his own personal indebtedness, and the
trust company received and accepted such moneys in payment
of such. indebtedness with full knowledge that said trustee
was making such use of the money. *Held,* that a complaint
alleging the above stated facts and further that said trustee
used large portions of said moneys in payment· of his own
personal indebtedness to persons, firms and corporations other
than the defendant and in the payment of the indebtedness of
various corporations in which he was personally interested
and that the trust company permitted said trustee to use such
moneys with full notice and knowledge on its part and with
full notice and knowledge of such facts that should have put
it upon notice that the trustee was using the said money
belonging to the estate for his own uses, advantages and pur-
poses, stated a good cause of action against the trust company
under the rule laid down in *Bischoff* v. *Yorkville Bank,* 218
N. Y. 106.

The defendant trust company is liable, if at all, only for participation in the wrong of the trustee and is chargeable as trustee *de son tort,* and the plaintiff, as trustee under the will creating the trust, has the same remedies against the trust company which it would have had against the original trustee.

The relation of debtor and creditor never existed between the trust company and the estate as to the moneys originally deposited in the bank and an action for an accounting would seem to be the most appropriate remedy against the trust company.

DEMURRER to complaint.

Pratt, Koehler & Boyle (Addison S. Pratt, of counsel), for plaintiff.

Kneeland Moore, for defendants.

LEHMAN, J.  The plaintiff herein alleges that a former trustee of the estate of Lillian F. Dechert, deceased, opened an account in the name of the estate in the Garfield National Bank and deposited therein moneys which came into his possession as said trustee and drew sundry checks upon the account in the Garfield National Bank to his personal order and indorsed and deposited the same with the defendant in the account which he had opened with it in his own name, and the defendant received the proceeds thereof and credited the said proceeds to the account which the defendant had opened in his own name.  The former trustee also opened an account with the defendant in the name of the estate and from time to time deposited therein moneys which came into his possession as trustee and. belonged to the said trust estate.  The trustee also drew checks upon this account to his personal order, deposited them with the defendant to his personal account, and the defendant credited his per-

sonal account with the moneys represented by these checks. The defendant had notice and knowledge that the moneys in the accounts with the Garfield National Bank and with itself standing in the name of the estate were the property of the trust estate, and credited the proceeds thereof to the personal account of the trustee with such notice and knowledge. Thereafter the trustee, in violation of the trust, used a large part of the moneys belonging to the estate, which he deposited to his own account with the defendant in the payment of his own personal indebtedness, and the defendant received and accepted such moneys in payment of the indebtedness of the trustee with full knowledge that the trustee was using the money belonging to the trust estate for his own individual uses, advantages and purposes. It further alleges that the trustee used large portions of these moneys in payment of his own personal indebtedness to persons, firms and corporations other than the defendant and in the payment of the indebtedness of various corporations in which he was personally interested, and the defendant permitted the said trustee to use such moneys with full notice and knowledge on its part and with full notice and knowledge of such facts that should have put it upon notice that the trustee was using the said money belonging to the estate for his own uses, advantages and purposes. The complaint in my opinion clearly sets forth a good cause of action against the bank under the rule clearly stated by the Court of Appeals in the case of *Bischoff* v. *Yorkville Bank*, 218 N. Y. 106. The defendant, however, urges not only that the complaint sets forth no cause of action, but that in any event it sets forth no cause of action in equity for an accounting. While undoubtedly actions against banks or depositaries for participation in the misappropriation

of trust funds by a trustee are ordinarily brought at law, I cannot see that there is any reason why such actions cannot be brought in equity as well. It is true that in the case of *Bischoff* v. *Yorkville Bank, supra,* Mr. Justice Scott writing, in the Appellate Division (170 App. Div. 679) stated as a dictum that the defendant was entitled to a jury trial, yet none of the other judges either in the Appellate Division or Court of Appeals has considered this point, although urged in the briefs in both courts. A trustee who misappropriates trust funds can undoubtedly be sued either at law for conversion or in equity for an accounting. The defendant is liable, if at all, only for participation in the wrong of the trustee, and, in my opinion, it is chargeable as trustee *de son tort,* and the plaintiff has the same remedies against it which it would have had against the original trustee. In fact, as to the moneys originally deposited in the Garfield National Bank the relations of debtor and creditor never existed between the defendant and the estate, and an action for an accounting would seem to be the most appropriate remedy against the defendant. The demurrer is therefore overruled, with costs, and with leave to the defendant to withdraw demurrer and serve an answer within twenty days.

Demurrer overruled, with costs.