WILLIAM MARGULIES, Respondent, *v.* MANUFACTURERS TRUST COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, July 19, 1933.

*White & Case* [*J. Adam Murphy, Carl E. Newton* and *C. W. Dibbell* of counsel], for the appellant.

*Joseph R. Margulies,* for the respondent.

PER CURIAM. We find that the complaint herein states a cause of action at law. The general rule is that as to an existing trust the *cestui que trust* must sue in equity when he complains against the trustee with relation to matters concerning the performance of the trust. There are, however, instances when a personal action may be maintained at law for damages under such circumstances. One

such instance is where the breach of a specific covenant of the trust agreement resulting in damages is claimed. The gravamen of the present complaint is that the trustee failed to sell certain collateral under circumstances which the plaintiff contends required such sale. However, the trust indenture provided that it rested in the discretion of the trustee whether or not such sale should be made. For this reason a suit for breach of a specific agreement by the trustee would not be maintainable and the complaint appears insufficient in this regard. The complaint, however, alleges facts and circumstances sufficient to show that the failure to sell was the result of defendant's negligence and that it acted in bad faith in the matter. The right of a *cestui que trust* to sue the trustee personally in an action at law for damages for negligent conduct in the performance of trust duties seems to have been upheld in instances where the trust was still open. (*See Hunsberger* v. *Guaranty Trust Co.*, 164 App. Div. 740; affd., 218 N. Y. 742; *Doyle* v. *Chatham & Phenix Bank*, 253 id. 369.) A similar ruling has been made in other States. (*Bennett* v. *Preston*, 17 Ind. 291; *Holderman* v. *Hood*, 70 Kan. 267; *Sherwood* v. *Sexton*, 63 Mo. 78; and see Pom. Eq. Juris. [3d ed.] 895.) The case of *Meisel* v. *Central Trust Co.* (179 App. Div. 795), relied on by appellant, was an action in equity and the complaint was dismissed because of the failure of the pleading to state facts sufficient to show negligence.

In sustaining this complaint we do not indicate that the measure of damages pleaded is the proper one.

Order affirmed, with ten dollars costs and disbursements.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.