BANK OF NEW YORK and SELWYN K. FARRINGTON, as Successor Trustees under a Deed of Trust, Dated June 5, 1925, GLADYS VIVIAN BUTLER, Beneficiary, Appellants, *v.* THE NEW JERSEY TITLE GUARANTEE & TRUST COMPANY, Respondent.

First Department, April 6, 1939.

*Samuel P. Gilman* of counsel [*Gilman & Unger*, attorneys], for the appellants.

*Francis S. Bensel* of counsel [*Vincent Keane* with him on the brief; *Larkin, Rathbone & Perry*, attorneys], for the respondent, appearing specially.

TOWNLEY, J. This warrant of attachment was vacated on the ground that plaintiffs have failed to show that a cause of action specified in section 902 of the Civil Practice Act exists against the defendant. The plaintiffs are successor trustees under a deed of trust *inter vivos* dated June 5, 1925. They have brought this action at law against the defendant, a predecessor trustee of the trust, to recover for the conversion by it of certain securities originally in the trust.

The original trustees were the settlor, William H. Butler, and his wife, and the trust was for their daughter. In the deed of trust the clauses relevant to this suit read as follows:

" Upon the death of either of these succeeding trustees, the survivor shall choose a bank or trust company as cotrustee to the end that there may thereafter always be two trustees of this trust, one of which shall always be an individual and one a bank or trust company. * * *

" Twelfth A: All securities and assets of the trust fund shall be deposited with the bank-trustee. Such bank or trust company selected as trustee or as depository shall have a capital of not less than One Million Dollars ($1,000,000), with a surplus of at least an equal amount."

On December 5, 1934, Butler appointed defendant his cotrustee. Then on December 7, 1934, defendant received trust property worth approximately $50,000. On December 10, 1934, securities worth $3,808.63 were surrendered to Butler individually. On October 25, 1935, defendant resigned as trustee, opened a custody account for Butler individually with itself as custodian and put the remaining securities in this individual custody account. For the convenience of Butler in securing certain indorsements defendant was reappointed trustee for a short time, but resigned again on May 15, 1936. During this second period of trusteeship defendant indorsed certain stock certificates. The stock was sold and the proceeds, some $26,731.46, were turned over to Butler personally. The theory of the complaint is that by these acts the defendant knowingly converted the property of the trust and assisted in a devastavit.

The principal point urged by the respondent to justify the vacating of this attachment is that plaintiffs are unable to maintain an action for conversion against a predecessor trustee because they did not have the immediate right to possess the securities which were converted on the date of conversion. This type of argument has been decided adversely to the respondent's contention by the Court of Appeals in *Robinson* v. *Chemical National Bank* (86 N. Y. 404). In that case an action was brought by plaintiffs as trustees to recover the amount of a check given to the beneficiary's estate by tenants for rent. The tenants paid the check to the agent of the predecessor trustee. The court said of the check (p. 407): " 'The moment it was taken it became a part of the trust estate. The drawers thereof, if charged upon non-payment of the check, by proper demand and notice could have been sued thereon in the name of both trustees. These plaintiffs, therefore, the successors of Mrs. Cruger and of Beare, have sufficient title for the maintenance of this action. That an action for conversion will lie in such a case has never been doubted." (See, also, *Barker* v. *Furlong*, L. R. [1891] 2 Ch. 172.)

The same rule is stated in the Restatement of the Law of Trusts (p. 530), as follows: " If the trustee commits a breach of trust and is thereafter removed as trustee or otherwise ceases to be trustee and a successor trustee is appointed, the successor trustee can maintain a suit against him to redress the breach of trust." (§ 200 [e].)

It is also stated in section 223 (2c) that

" A trustee is liable to the beneficiary for breach of trust, if he \* \* \*

" (c) neglects to take proper steps to redress a breach of trust committed by the predecessor."

It would seem that these propositions were too clear to require detailed argument.

A further point is suggested, however, to the effect that the successor trustee's remedy in any case is *solely* in equity against the prior trustee for an accounting. No cases directly in point in this State have been drawn to the court's attention, but in *Dunne* v. *American Surety Company* (43 App. Div. 91), in a complaint brought by an administrator *de bonis non* against the estate of a deceased administrator, the allegation in a law action was that the deceased administrator had converted the proceeds of his testator's property to his own use. This court held the complaint good. Though the court in that case, as it expressed it, " fortified " its conclusion that the plaintiff might maintain the action by referring to certain provisions of the Code of Civil Procedure, it also pointed out that in many States of the Union it has been expressly held that an administrator may recover against his predecessor for any maladministration. In principle there is no difference between trustees and administrators in the quality of their " right to possession." The whole matter was summed up in *Pratt* v. *Commercial Trust Company* (105 Misc. 324, 327) by Mr. Justice, now Judge, LEHMAN: " A trustee who misappropriates trust funds can undoubtedly be sued either at law for conversion or in equity for an accounting."

This action is for a sum of money only, and, consequently, the attachment cannot be attacked on the theory that the real cause of action is one in equity. No preliminary equitable relief is necessary in this case as it was in the case of *Avery* v. *Avery* (119 App. Div. 698). Moreover, the claim arises primarily out of the breach of a particular covenant in the trust agreement forbidding the handing over of the trust securities to any successor trustee other than a trust company. No reason exists why the present legal owner of the assets of the trust should not sue at law for the damages resulting from the violation of that covenant. (See *Margulies* v. *Manufacturers Trust Co.*, 148 Misc. 564.)

The papers submitted state a cause of action for a sum of money only against a non-resident and foreign corporation.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendant to answer within twenty days after service of order with notice of entry thereof, upon payment of said costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with leave to defendant to answer within twenty days after service of a copy of the order with notice of entry thereof, upon payment of said costs.