Jacob Markowitz, J.
Motion to vacate warrant of attachment and service of summons and complaint is denied. The causes of action are based upon claims for money damages for alleged conversion of property and for false representations in respect of certain of plaintiffs’ property. While plaintiffs may have an equitable action for relief against defendants, they are not required to seek that remedy exclusively. A remedy at law is also available which is not mutually exclusive and the choice is that of plaintiffs (Levin v. Frank, 5 Misc 2d 564; Bank of New York v. New Jersey Title Guar. & Trust Co., 256 App. Div. 609; Pratt v. Commercial Trust Co., 105 Misc. 324, 327; Gould v. Cayuga County Nat. Bank, 99 N. Y. 333, 337). Moreover, the fact that damages are unliquidated or difficult to compute does not prevent damages being awarded and the cause of action from being “ for a sum of money only ” (Levin v. Frank, supra; Gould v. Cayuga County Nat. Bank, supra).
Plaintiffs contend that defendant Arpad Plesch has, by this motion, made a general appearance in the action, even though he expressly stated he appeared specially for the purpose of the motion only, and that the complaint should not be dismissed even if the attachment should now be vacated. Plaintiffs rely upon the language of subdivision 1 of section 237-a of the Civil Practice Act, which provides that “ defendant may make a special appearance solely to object to the court’s jurisdiction over his person ’ ’, and upon cited case law.
It has been clearly settled for many years that when (as in this case) an attachment of defendant’s property is the sole basis for the court’s jurisdiction, a special appearance may be made upon a motion to vacate the warrant of attachment and dismiss the complaint (Zabriskie v. Second Nat. Bank, 204 App. Div. 428). Section 237-a, enacted in 1951 (L. 1951, ch. 729) to clarify the law relating to a special appearance clearly was not intended to modify the principle recognized in the Zabriskie case (see Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 196, n. 7; Seventeenth Annual Report, 1951, pp. 58-59).
The decisions cited by plaintiffs each related to a situation in which a defendant had contested an action or proceeding upon the merits. Defendant Plesch cannot be held to have appeared generally by this motion.