■ In the Matter of the Estate of FLORENCE A. ALKER, Deceased. CHEMICAL BANK NEW YORK TRUST COMPANY, as Executor of MABEL A. ORVIS, Deceased, Appellant; FLORENCE W. MEYER, as Sole Surviving Trustee under the Will of FLORENCE A. ALKER, Deceased, et al., Respondents.— In a proceeding by Florence W. Meyer, as the sole surviving trustee of a trust under the last will and testament of Florence A. Alker, deceased, created for the benefit of Mabel A. Orvis, also deceased, to judicially settle her (Florence W. Meyer's) final account as such trustee, the corporate executor of the said Mabel A. Orvis appeals from so much of an order of the Surrogate's Court, Nassau County, dated April 26, 1963, as, upon reargument, dismissed its objections to the account and decreed that the intermediate accounts of the then trustees "constitute adjudications of the question of the allocation of stock dividends related in each accounting period, binding on the income beneficiary, Mabel A. Orvis, and upon her estate". Order, insofar as appealed from, reversed on the law, with costs to all parties filing briefs, payable out of the estate, and matter remitted to the Surrogate's Court for a hearing on the question of whether the life beneficiary was entitled to an apportionment of the stock dividends, and, if so entitled, the extent thereof; and for further proceedings not inconsistent herewith. The trust created under the will of Florence A. Alker, who died on May 13, 1921, terminated on June 12, 1961 upon the death of the beneficiary, Mabel A. Orvis, testatrix' daughter. The will established a trust fund for the benefit of said daughter, for life, with the remainder to five other children, one of whom is the sole surviving trustee herein. The will is silent as to the distribution of stock dividends and, therefore, its distribution must be in accordance with the rules set forth in *Matter of Osborne* (209 N. Y. 450), i.e., that, as between a life beneficiary and a remainderman, a stock dividend is to be considered as principal or income, according to the origin of the surplus out of which it was declared. In the case at bar, during the administration of the trust estate, the trustee, in prior intermediate accounts (1950–1952 and 1952–1956), allocated the stock dividends entirely to principal. By decrees duly made in proceedings, to which the life beneficiary was a party, such intermediate accounts were judicially settled without any controversy as to the question of the allocation of the stock dividends. The draft of the present final account (1956–1962) likewise allocated the stock dividends to principal, but, on objection of the executor of the Orvis estate, the account was revised so as to apportion the stock dividends between income and principal. The said executor objected to the final account, claiming that the life beneficiary was entitled to her share of the stock dividends theretofore allocated entirely to principal in the two prior intermediate accounts. The Surro-

gate dismissed the objections and held the prior decrees to be binding on the life beneficiary and upon her estate. We are of the opinion that, under the facts presented, the prior decrees did not embrace the question of allocation of stock dividends and, therefore, are not conclusive (*Matter of Seaman*, 275 App. Div. 484). There was no determination on the issue as to whether the stock dividends in the prior accounts should have been allocated between principal and income, as now claimed by the executor of the deceased life beneficiary. Moreover, since the trustee herein was also a one-fifth remainderman, her acts may have violated the rule that a fiduciary has an undivided duty to his beneficiary and may not " place himself in a position whereby his personal interest will come in conflict with the interest of his *cestui que trust* ", or act in such a way as " to gain any advantage, directly or indirectly * * * for himself " (*Gould* v. *Gould*, 203 App. Div. 807, 809). Under all the circumstances present, the mere showing in the prior accounts that the stock dividends were received or " related ", but allocated entirely to principal, is too inadequate a disclosure to warrant a finding that the decrees entered in the prior intermediate accounting proceedings are conclusive, particularly since portions of such stock dividends might have belonged to income. " If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance " (*Wendt* v. *Fischer*, 243 N. Y. 439, 443). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.