OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding the coexecutors, John Parkinson, III and Citibank, N. A., are, in part, accounting to themselves as cotrustees of a trust under article fifth of the will. It is not normally necessary to cite any of the trust beneficiaries if the accounting executor and trustee are different persons on *566 the assumption that the interest of the beneficiaries are sufficiently protected by citing the trustee. However, where the executor and trustee are one and the same, SCPA 2210 (10) prohibits an individual from accounting to himself except if there be at least one other trustee who is not also a coexecutor. Here, in fact, there is an additional cotrustee, Philip James Roosevelt, who is not one of the coexecutors and the petition alleges that under these circumstances SCPA 2210 (10) is applicable and the underlying trust beneficiaries need not be cited.
Fortunately, realizing that this estate presents a peculiar twist on the problem, petitioners are frank in disclosing that Philip James Roosevelt is also one of the successor trustees of an inter vivos trust along with two other individuals of which the decedent was the settlor, which "poured over” into the decedent’s estate upon her death. The account of the trustees of the inter vivos trust has been settled informally by receipts and releases executed by the coexecutors. The present executors’ account which is sought to be judicially settled embraces in and discloses the inter vivos trust accounting. In addition, in the interest of full disclosure, it is revealed that the attorneys representing the inter vivos trust also represent the coexecutors in this proceeding and the trustees of the residuary trust under article fifth.
Among the duties of a testamentary trustee is an obligation to obtain possession of the trust estate from the executor which may include a duty to call the executor to account for some breach of trust (Villard v Villard, 219 NY 482; 1A Nossaman & Wyatt, Trust Administration and Taxation § 27.03 [2] [rev 2d ed]). In addition, there is a separate duty of loyalty or the rule against self-dealing and conflicts of interest (2 Scott, Trusts § 170.25 [3d ed]). The rule is said to be prophylactic in nature, designed to prevent the evils that may occur when a trustee’s interest conflicts with that of a beneficiary, rather than to redress wrongs after they happen (1A Nossaman & Wyatt, Trust Administration and Taxation § 27.04 [1] [rev 2d ed]). Essentially recognizing these duties, SCPA 2210 (10) states in no uncertain terms that an accounting fiduciary may not account to himself recognizing that an individual may not discharge himself from liability. Here, although the exception to that rule literally applies, that is, that Philip James Roosevelt is a cotrustee and, in fact, not also a coexecutor, the mischief to be avoided by the statute is nevertheless under these circumstances still present. Since the *567 informal settlement of Philip James Roosevelt’s account as cotrustee of the inter vivos trust is contained in and incorporated in this present accounting, he is placed directly in a position of divided loyalty, which is the situation which the statute seeks to address by requiring that in such situations the underlying trust beneficiaries be required to be cited.
Accordingly, the coexecutors will be required to cite the trust beneficiaries under article fifth of the will.