■ In the Matter of the Accounting of JACK RUDIN et al., as Successor Trustees of EDWARD RUDIN, Deceased, Respondents. DONALD HEIMLICH, Appellant. [739 NYS2d 154] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about April 18, 2000, which, insofar as appealed from, granted petitioners' motion for summary judgment dismissing respondent's objections to petitioners' accounting for the trust created for the benefit of Lydia Heimlich under the last will and testament of Edward Rudin, unanimously affirmed, without costs.

The estate of Edward Rudin was finally settled in 1973 upon entry of a decree following an accounting by the executors of his will, which will had, among other bequests, set up a trust in favor of one of Edward's sisters and executors, Lydia Heimlich, the objectant's mother, who died in 1992. In challenging the instant accounting of Lydia's trust, the objectant, by reason of res judicata, will not be heard to argue that certain assets that should have been used to fund that trust were omitted from the accounting settled by the 1973 decree, at least where Lydia herself signed and attested to the accuracy of such accounting, and the objectant himself expressly consented to its settlement. As Lydia's legatee, the objectant "stand[s] in her shoes and [is] estopped by her consent to, and participation in, the prior judicial proceedings and trust accounting [he] now seek[s] to challenge" (*Matter of Zilkha*, 174 AD2d 331, 334; *see also, Matter of Hofmann*, 287 AD2d 119, 122). We have considered the other objections raised on the appeal, and find that all lack evidentiary support, and that disclosure, which has already been extensive, cannot avail objectant. Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.