*365 OPINION OF THE COURT
Anthony A. Scarping, Jr., S.
This is a contested proceeding to settle the first intermediate account of Chase Manhattan Bank (now JP Morgan Chase [petitioner]) as cotrustee of a testamentary trust created under the will of Blanche D. Hunter (decedent) for the benefit of Pamela Townley Creighton (objectant), a granddaughter of decedent. Petitioner moves for an order pursuant to CPLR 3211 or, in the alternative, for summary judgment, dismissing certain objections to the account, on the basis that they are barred under the doctrine of res judicata. Objectant opposes the motion. The motion is denied without prejudice, except to the extent set forth infra.
Decedent died testate in December 1972, with a gross estate valued in excess of $30 million. Pursuant to article eighth (A) and (B) of her will, decedent established identical trusts for her granddaughters, Alice F. Creighton (Alice) and objectant (eighth [A] Trust and eighth [B] Trust, respectively; collectively trusts). Each trust was to be funded with one half of decedent’s residuary estate, and provided for periodic payments of income for life, with the remainder to be disposed of pursuant to a power of appointment. Also, each trust provided that, in the event either granddaughter had no issue or failed to exercise the aforementioned power of appointment upon her demise, the balance of the first deceased granddaughter’s trust was to be transferred to the surviving granddaughter’s trust.
In January 1973, decedent’s will was admitted to probate. At that time, James W. Cook (Cook) and Lincoln Rochester Trust Company (now petitioner, through various mergers) became coexecutors of her estate and cotrustees of the trusts. As coex-ecutors, petitioner and Cook initially funded each trust on March 27,1973, with a partial cash distribution of over $40,000 from decedent’s estate. Thereafter, between 1973 and 1977, they transferred periodically from the estate to each trust over 12,000 of decedent’s shares of common stock in the Eastman Kodak Company (Kodak).
In April 1976, petitioner and Cook commenced a proceeding to judicially settle their account as coexecutors. Objectant, as life income beneficiary of the eighth (B) Trust and as contingent beneficiary of the eighth (A) Trust, was duly served with process in that proceeding (see, SCPA 2210 [10]). She appeared by counsel, and filed objections solely as to the amount of counsel fees sought by petitioner’s counsel. Her objections were *366 ultimately resolved, and on June 1, 1977, the court executed a decree (1977 decree), settling the account of petitioner and Cook as coexecutors, for the period January 4, 1973 through April 15, 1977.
In March 1980 Alice died without issue and without having exercised her power of appointment. Thereupon, petitioner and Cook, as cotrustees of the eighth (A) Trust, transferred all of the trust’s remaining assets, including nearly 13,000 shares of Kodak stock, into the eighth (B) Trust.
In July 1981 petitioner and Cook commenced a proceeding to settle their account as cotrustees of the eighth (A) Trust. Objectant, as presumptive remainderman of the eighth (A) Trust, was duly served with process in that proceeding, and she executed a waiver and consent to the accounting. On December 11, 1981, the court executed a decree (1981 decree), settling the account of petitioner and Cook as cotrustees of the eighth (A) Trust for the period March 21, 1973 through May 2, 1980. Thereafter, petitioner and Cook continued to act as co-trustees of the eighth (B) Trust, until Cook’s death in 1996.
In November 1997, petitioner, as remaining trustee of the eighth (B) Trust, commenced the underlying intermediate accounting proceeding. The account covers the 23-year period from the date the trust was initially funded (Mar. 27, 1973) through the date of Cook’s death (Aug. 13, 1996). In July 1997, petitioner’s agent had personally obtained a waiver and consent from objectant with respect to the underlying account. In February 1998, the court executed a decree (1998 decree), judicially settling petitioner’s account as surviving cotrustee of the eighth (B) Trust.
Subsequently, objectant moved to vacate the court’s 1998 decree and withdraw her waiver and consent in the underlying proceeding. In doing so, she sought to file objections to petitioner’s account, based primarily upon petitioner’s retention, as both coexecutor of decedent’s estate and cotrustee of the trusts, of the Kodak shares from 1973 through the early 1980’s, when there was a precipitous decrease in the value of the shares (see, Matter of Janes, 90 NY2d 41). After a hearing, the court held that petitioner failed to show that objectant’s execution of the waiver and consent was properly obtained, and vacated the waiver and consent and the 1998 decree (see, Matter of Hunter, 190 Misc 2d 593). Thereupon, objectant duly filed objections to the account.
Petitioner alleges that objections 4, 5, 6, 8, 9, 12 and 13, which seek to surcharge petitioner for breaching its fiduciary *367 duty in several respects, pertaining to its management of the Kodak shares, are barred by the doctrine of res judicata. In essence, petitioner contends that both the 1977 and 1981 decrees conclusively resolved all matters relating to petitioner’s administration of decedent’s estate, its funding of the trusts, and its retention of the Kodak shares as coexecutor and co-trustee of the eighth (A) Trust. Therefore, since objectant appeared in both previous accounting proceedings and failed to raise any of the allegations set forth in the objections at issue, she is precluded from doing so in the instant proceeding.
In opposing the motion, objectant contends that petitioner’s reliance on the doctrine of res judicata is misplaced, and that the propriety of petitioner’s actions in its capacity as cotrustee of the eighth (B) Trust were not before the court in either of the previous accounting proceedings. She maintains that petitioner, as cotrustee of the eighth (B) Trust, is liable as a “successor fiduciary” for failing to redress any misdeeds it committed as coexecutor and cotrustee of the eighth (A) Trust. She also contends that both the 1977 and 1981 decrees are invalid, for jurisdictional reasons.
In New York, the doctrine of res judicata, or “claim preclusion,” embraces a “transactional” approach (see, Matter of Reilly v Reid, 45 NY2d 24). In this respect, once a claim is brought to a final conclusion, all other claims among the parties or their privies arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (see, O’Brien v City of Syracuse, 54 NY2d 353, 357; Schuylkill Fuel Corp. v B & C Nieberg Realty Corp., 250 NY 304).
In the context of judicial accountings, generally, a decree binds all parties and their privies and is conclusive not only as to all issues which were actively presented and determined, but also as to all issues which could have been raised regarding matters embraced in the accounting (see, Matter of Rudin, 292 AD2d 283, affg NYLJ, Mar. 2, 2000, at 30, col 2). In short, the decree is deemed to embrace only such matters as are clearly and specifically set out, and which can be definitely ascertained from a reading of the account and the decree (see, Matter of Rudin, supra; Matter of Seaman, 275 App Div 484, 490, affd 300 NY 756).
In this respect, adequate “disclosure” by the accounting fiduciary to the interested parties is warranted. Such disclosure must include not only a factual description of the issues in question, but also communication which reinforces the “special *368 rules” governing all of the fiduciary’s duties and powers in its fiduciary relationship with the beneficiaries, as such duties and powers pertain to the issues in question (see, Matter of Ziegler, 161 Misc 2d 203, affd 213 AD2d 280).
Among certain “special rules” governing a trustee’s fiduciary duty to its beneficiaries, Restatement (Second) of Trusts § 177 provides (Comment a, at 383):
“The trustee is under a duty to the beneficiary to take reasonable steps to enforce any claim which [it] holds as trustee against predecessor trustees * * * or in the case of a testamentary trust against the executors of the estate * * * to redress any breach of duty committed by them.”
Similarly, Restatement (Second) of Trusts § 223 provides (at 519):
“(2) A trustee is liable to the beneficiary for breach of trust, if [it]:
“(a) knows or should know of a situation constituting a breach of trust committed by [its] predecessor and [it] improperly permits it to continue; or * * *
“(c) neglects to take proper steps to redress a breach of trust committed by the predecessor.”
The foregoing provisions underscore the long-standing tenets of law in this state, to wit: a trustee owes to its beneficiaries the duty of utmost loyalty (see, Meinhard v Salmon, 249 NY 458) and duty of full disclosure (see, e.g., Adair v Brimmer, 74 NY 539). In New York, these provisions have been applied consistently when the subsequent fiduciary is a different person or entity than the predecessor fiduciary (see, e.g., Villard v Villard, 219 NY 482; Bank of N.Y. v New Jersey Tit. Guar. & Trust Co., 256 App Div 609). In fact, SCPA 1506, which is derived, in part, from Restatement (Second) of Trusts § 223, explicitly exempts a trustee from liability for breach of duty committed by a different person/entity as executor under the same estate, when: (1) the trustee has received trust assets pursuant to final court decree, (2) was unaware of the breach of trust committed by the executor and did not improperly permit it to continue, and (3) and (4) did not neglect to take proper steps to compel the executor to deliver trust property, or to redress the executor’s breach of duty.*
However, notwithstanding numerous cases cited by petitioner in its memorandum of law, the court fails to find explicit *369 authority in New York where the doctrine of res judicata has been applied summarily to bar the prosecution of a claim that a successor trustee breached a fiduciary duty, as successor trustee, in failing to redress alleged misdeeds it committed as a predecessor executor or trustee. Conversely, several other jurisdictions have held that the doctrine of res judicata is inapplicable under the foregoing circumstances (see, e.g., Pepper v Zions First Natl. Bank, N.A., 801 P2d 144 [Utah]; Matter of Kemske, 305 NW2d 755, 762 [Minn]; In re First Natl. Bank of Mansfield, 37 Ohio St 2d 60, 307 NE2d 23; Matter of Winston’s Estate, 99 Ill App 3d 278, 425 NE2d 973). In doing so, those jurisdictions have applied the duties set forth in Restatement (Second) of Trusts §§ 177 and/or 223 when the same person or entity serves in multiple fiduciary capacities. As stated by the Supreme Court of Utah (Pepper v Zions First Natl. Bank, supra at 153-154):
“The policy that underlies the rule we adopt gives full effect to the trust principle that ‘a trustee owes a duty to the beneficiary on taking over the property from the executor to examine the property tendered and see whether it is that which he ought to receive’ G. Bogert, Trusts and Trustees, § 583, at 359 (rev’d 2d. ed. 1980). That duty should not be diluted on a theory that the duties of an executor and trustee are merged for res judicata purposes when one party acts in both capacities. There is no sound reason to diminish the protection the law affords beneficiaries who rely on fiduciaries for their protection.”
The court finds that the foregoing policy accurately embodies the special duty owed by every multi-capacity fiduciary to its beneficiaries (compare, Matter of Chaves, 143 Misc 868, affd 239 App Div 900 [depression era]). Accordingly, in light of the special circumstances present in this case, the court concludes that the doctrine of res judicata does not summarily bar objectant from prosecuting her allegations that petitioner, as cotrustee of the eighth (B) Trust, breached its fiduciary duty to her, as the trust’s primary beneficiary, in failing to redress any improprieties it may have committed as coexecutor of decedent’s estate and/or cotrustee of the eighth (A) Trust. However, to the extent that objectant seeks to sur *370 charge petitioner as coexecutor of decedent’s estate or cotrustee of the eighth (A) Trust for any improprieties it may have committed in either of those capacities, those allegations are dismissed, as they are not properly before the court in the instant proceeding.
Additionally, the court finds that the case at bar lacks the necessary “identity of parties” to warrant application of the doctrine of res judicata to all of the objections at issue. In this respect, Restatement (Second) of Judgments § 36 (2) provides, in pertinent part: “A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.” Here, objectant does not seek to reopen the accountings settled by the 1977 or 1981 decrees. Therefore, this case is distinguishable from many of the authorities cited by petitioner in its memorandum of law. Instead, objectant raises, for the first time, purported breaches of fiduciary duty petitioner committed as cotrustee of the eighth (B) Trust. The court concludes that petitioner’s actions as cotrustee of the eighth (B) Trust were not subject to judicial scrutiny in either of those two proceedings.
Moreover, petitioner’s reliance on the application of SCPA 2210 (10) in the previous accounting proceedings is not dispositive. Recognizing that an accounting fiduciary may not discharge itself from liability (Matter of Parkinson, 134 Misc 2d 565), in essence, SCPA 2210 (10) provides that when a fiduciary judicially accounts to itself in a separate fiduciary capacity, process must issue to all persons interested in the estate or trust. Originally enacted in 1927 as Surrogate’s Court Act § 262 (10) (L 1927, ch 632), the purpose of this provision was “to prevent an executor from taking advantage of [its] dual relationship to evade [its] liability as executor in a transaction with [itself] as trustee, and to permit interested persons to make timely objections to [its] executorial acts” (Matter of Massimino, 143 Misc 119, 121). While petitioner would interpret this statute as providing protection for the successor fiduciary, it has failed to cite any authority explicitly holding that SCPA 2210 (10) exonerates a fiduciary for failing to scrutinize its actions as the accounting fiduciary. Under the circumstances, this court is reluctant to construe SCPA 2210 (10) as providing such protection, and leaves that issue for possible legislative action.
Furthermore, where a fiduciary has sought to preclude allegations pertaining to its actions as a predecessor fiduciary by *371 invoking the doctrine of res judicata, New York courts have been reluctant to apply the doctrine summarily where a color-able claim for a breach of trust duty has been raised (see, e.g., Matter of Long Is. Loan & Trust Co. [Garretson], 92 App Div 1, affd 179 NY 520; Matter of Alker, 20 AD2d 894; Matter of Schmidt, 163 Misc 610; cf., Matter of Chapin, 171 Misc 783). In the instant case, aside from the requisite information set forth in the previous accountings, there is a dearth of information in this record as to both the nature and extent of petitioner’s assessment, as cotrustee of the eighth (B) Trust, of its own actions as both coexecutor of decedent’s estate and cotrustee of the eighth (A) Trust, respectively, during the period in question. Similarly, the record is bereft of information as to the extent of the “disclosure,” if any, petitioner made to objectant about the transactions in question. Without this information or the occurrence of meaningful discovery, the court cannot summarily resolve the issues regarding the alleged breaches of duty objectant has raised in the disputed objections (cf., Matter of Rudin, 292 AD2d 283, affg NYLJ, Mar. 2, 2000, at 30, col 2, supra-, Matter of Zilkha, 174 AD2d 331).
Accordingly, as to objections 4, 5, 8 and 9, petitioner’s motion to dismiss is denied. However, as to objections 6, 12 and 13, the motion is denied solely to the extent that those objections seek to redress petitioner’s alleged breach of its fiduciary duty as cotrustee of the eighth (B) Trust. To the extent that objection 6 seeks to redress petitioner’s actions as cotrustee of the eighth (A) Trust for filing a “misleading, deceptive and erroneous account,” and objections 12 and 13 seek refunds of commissions and counsel fees earned in connection with petitioner’s actions as coexecutor and cotrustee of the eighth (A) Trust, the court finds that these allegations and/or demands are not properly raised in this proceeding. Unlike objectant’s allegations that petitioner breached a duty to her as cotrustee of the eighth (B) Trust, the aforementioned issues and/or demands emanate directly from petitioner’s actions as either coexecutor of decedent’s estate or cotrustee of the eighth (A) Trust. In order to prosecute the foregoing allegations and demands, object-ant must seek vacatur of the 1977 and 1981 decrees, presenting appropriate grounds to do so.
Similarly, objectant’s allegations as to the jurisdictional infirmity of the 1977 and 1981 decrees are not properly before the court in this proceeding. In the event objectant wishes to pursue those allegations, she must do so in a plenary proceeding seeking vacatur of either or both of those decrees.

 The provisions of SCPA 1506 are also applicable to exempt a successor trustee from liability for breach of duty committed by an original trustee *369 when the original trustee and successor trustee are not the same person or entity (see Turano and Radigan, New York Estate Administration § 16.03 [e] [2002]).