STARR INTERNATIONAL CO., INC., Plaintiff and Counterclaim–Defendant,

v.

AMERICAN INTERNATIONAL GROUP, INC., Defendant and Counterclaim–Plaintiff.

No. 05 Civ. 6283 (JSR).

United States District Court, S.D. New York.

June 4, 2009.

Robert Silver, David Boies, of Counsel: Robert G. Morvillo, John L. Gardiner, Boies, Schiller & Flexner LLP, New York, NY, for Plaintiff Starr International Co., Inc.

Martin Flumenbaum, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Defendant American International Group, Inc.

### MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

In connection with the trial of this case, firmly scheduled to begin on June 15, 2009, the parties disagree as to whether the remaining claims in this case are to be tried to a jury or to the Court. For the reasons that follow, all of the claims will initially be tried to a jury, but the jury will effectively be rendering only an advisory verdict as to certain of the claims as specified below.

By way of background, plaintiff Starr International Co., Inc. ("Starr") first brought this action against defendant American International Group, Inc. ("AIG"), seeking the return of certain works of art and business records that AIG, formerly affiliated with Starr, had in its possession. AIG, in turn, brought seven counterclaims against Starr based on Starr's alleged misappropriation of a block of AIG shares (the "Acquired Shares"), and Starr then responded with its own counterclaim seeking a declaratory judgment that Starr is not a controlling person or affiliate of AIG. Following discovery, Starr moved for summary judgment dismissing all of AIG's counterclaims, and the Honorable Barbara S. Jones, to whom the case was at that time assigned, granted summary judgment dismissing four of AIG's counterclaims. *See* Order dated June 23, 2008. Judge Jones denied summary judgment, however, as to three of AIG's counterclaims: (i) its counterclaim that Starr created an express trust for the benefit of AIG and that Starr subsequently breached its fiduciary duty in its handling of the Acquired Shares; (ii) its counterclaim for conversion of the Acquired Shares; and (iii) its counterclaim seeking a declaratory judgment stating that Starr is required to use the Acquired Shares for the sole benefit of AIG.

The case was transferred from Judge Jones to the undersigned on February 10, 2009. Shortly thereafter, the parties resolved Starr's original claims by stipulating that Starr is the owner of the artworks and business records as to which those claims pertain. The parties further stipu-

lated that the Court shall, accordingly, enter judgment in favor of Starr on its claims for conversion and replevin at the time the Court enters judgment on the AIG counterclaims. Stipulation of Judgment dated March 28, 2009, ¶¶ 1–2. The remaining claims to be tried, then, are AIG's counterclaims for express trust/breach of fiduciary duty, conversion, and declaratory judgment, and Starr's counterclaim for declaratory judgment.[1]

The Seventh Amendment to the Constitution provides that "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. Const. amend. VII. As the Supreme Court has stated, the Seventh Amendment thereby guarantees the parties the right to a jury in "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (emphasis in original) (quotation marks and citation omitted). "Where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims." *Ross v. Bernhard,* 396 U.S. 531, 537–38, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The Court must, accordingly, analyze each remaining claim in the case to determine whether there is a right to a jury trial of any of them.

Both parties agree that AIG's counterclaim for recognition of an express trust and related breach of fiduciary duty is entirely equitable and must ultimately be decided by the Court. Starr argues that AIG's other two counterclaims, as well as Starr's own declaratory judgment counterclaim, are likewise equitable in nature and should likewise be tried by the Court. AIG, on the other hand, maintains that its claims for conversion and declaratory judgment are legal in nature and should be tried to a jury; and while AIG acknowledges that its express trust/breach of fiduciary duty claim is equitable in nature, it asks that the Court try that claim with an advisory jury under Fed.R.Civ.P. 39(c).

The Supreme Court established half a century ago that "since the right to a jury trial is a constitutional one," therefore, when a case presents both legal and equitable issues, "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). This is true "whether the trial judge chooses to characterize the legal issues presented as 'incidental' to equitable issues or not." *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Starr argues, however, that because AIG's breach of contract, unjust enrichment, and constructive trust counterclaims have been dismissed, AIG's only purported ownership interest in the Acquired Shares is its claim in equity that Starr holds them subject to

1. To simplify matters for the jury, at the time of the trial AIG, which is the counterclaim plaintiff, will be referred to as the "plaintiff" and its counterclaims as "claims," while Starr will be referred to as "defendant," and its remaining claim as a "counterclaim," but the final judgment entered by the Court will reflect the actual designations in accordance with the pleadings.

an express trust in AIG's favor. Therefore, Starr asserts, AIG's conversion and declaratory judgment counterclaims are equitable in nature, since they both presuppose the recognition of an express trust by a court in equity.

 However, under New York law (here applicable), "[a] trustee who misappropriates trust funds can undoubtedly be sued either at law for conversion or in equity for an accounting." *Bank of New York v. New Jersey Title Guar. & Trust Co.*, 256 A.D. 609, 611, 11 N.Y.S.2d 181 (1st Dep't 1939). Here, the wholly legal nature of AIG's conversion counterclaim is further confirmed by the fact that the remedies that AIG seeks for the alleged conversion—return of the Acquired Shares to AIG, *see* AIG Answer and Counterclaims ¶ 114, and money damages, *see id.* at 35 ¶ H—are legal in nature, *see Eberhard v. Marcu*, 530 F.3d 122, 136 (2d Cir.2008) (stating that actions for recovery and possession of stock have historically been classed as legal); *Granfinanciera*, 492 U.S. at 48–49, 109 S.Ct. 2782 (stating that suits for monetary relief have traditionally been heard by courts of law).

 More generally, it is settled law that conversion is "unmistakably [an action] at law triable to a jury," *Ross v. Bernhard*, 396 U.S. at 533, 90 S.Ct. 733, and the Court is not aware of any precedent establishing that an action for conversion can be transformed into an equitable action simply because the converted interest is equitable in nature. The cases cited by Starr in support of its argument that the conversion claim should be "treated as equitable," Starr Letter Brief dated August 19, 2008 at 13, are not on point. They stand, instead, for the proposition that when a plaintiff has brought a claim that sounds in equity, a right to a jury trial is not established simply because the plaintiff seeks some kind of monetary relief. *See,*

*e.g., Swan Brewery Co. Ltd. v. United States Trust Co. of New York*, 143 F.R.D. 36, 40–41 (S.D.N.Y.1992) (holding that, despite the fact that plaintiff sought monetary relief, there is no right to a jury trial for claims of breach of trust and breach of trust agreement); *In re Checkmate Stereo & Elecs., Ltd.*, 21 B.R. 402, 408–09 (E.D.N.Y.1982) (holding that, although monetary relief was sought and awarded as an alternative remedy, there was nevertheless no right to a jury trial in an action brought under § 550(a) of the Bankruptcy Code to void a fraudulent conveyance, which is essentially an equitable claim). Indeed, most of the cases cited by Starr simply concern whether there is a right to a jury trial when monetary relief is sought under the Employee Retirement Income Security Act ("ERISA"). *See In re Vorpahl*, 695 F.2d 318, 322 (8th Cir.1982) (holding that an action brought under ERISA is equitable and "[t]he mere fact that petitioners pray for monetary relief in part does not mandate that [it] be characterized as legal"); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 883 (6th Cir.1997) (holding that claims seeking monetary damages under the Labor Management Relations Act and ERISA are "fundamentally [claims] for benefits analogous to an action to enforce a trust and hence clearly equitable in nature"); *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1161 (10th Cir.1998) (holding that a claim for benefits under ERISA "is analogous to a trust action and therefore equitable in nature" so that plaintiffs are not entitled to a jury trial, despite the fact that plaintiffs sought money damages); *Nobile v. Pension Committee of the Pension Plan for Employees of New Rochelle Hosp.*, 611 F.Supp. 725, 729 (S.D.N.Y.1985) (holding that there is no right to a jury trial of claims for benefits under ERISA, common law breach of fiduciary duty claim, or com-

mon law breach of trust claim, even when monetary remedy is sought). In none of these cases did a court find that a party lost its right to a jury trial of a traditionally legal cause of action (such as conversion) because the cause of action was related, however closely, to an equitable claim.

■ With regard to AIG's counterclaim for declaratory judgment, it is "the long-settled rule that declaratory judgment actions are inherently neither equitable nor legal and that the nature of the underlying dispute determines whether a jury trial is available." *In re Rosenman & Colin*, 850 F.2d 57, 60 (2d Cir.1988). Here, AIG seeks

a declaratory judgment to require [Starr] to comply with its obligations pursuant to the above agreements and understandings and seeks a declaration that [Starr] is required to use the [Acquired Shares] for the benefit of AIG employees and AIG and that a majority of the [Starr] board must consist of AIG employees.

AIG Answer and Counterclaims ¶ 119. Although this broadly-worded claim has been largely rendered moot by the previous dismissal of certain of AIG's counterclaims, what survives, if anything, appears to be redundant of AIG's remaining counterclaims and therefore may well not survive to the end of trial. Assuming it does, however, the portion of the claim that relates to the express trust/breach of fiduciary duty counterclaim will be decided by the Court following an advisory jury verdict (see below) and the portion that relates to the conversion counterclaim will be tried to the jury.

■ AIG, then, has a right to a jury trial on its conversion counterclaim and on the portion of its declaratory judgment counterclaim that relates to conversion. AIG has requested, however, that because of the substantial overlap between these counterclaims and the express trust/breach of fiduciary duty counterclaim, the latter claim, though equitable, be first heard by an advisory jury. Fed.R.Civ.P. 39(c)(1) provides that "in an action not triable of right by a jury, the court ... *may* try an issue with an advisory jury" (emphasis added). The Court's decision whether to do so is entirely discretionary. *See, e.g., NAACP v. Acusport Corp.*, 226 F.Supp.2d 391, 398 (E.D.N.Y.2002). Courts may empanel an advisory jury in order to maximize efficiency and convenience. *See* 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2335.

■ Here, because many factual issues are common to both the express trust/breach of fiduciary duty counterclaim and the conversion counterclaim, it will expedite matters for the jury and the Court, as well as make the jury's task easier, if the jury is asked to render a "verdict" (actually an advisory opinion) on the express trust/breach of fiduciary duty counterclaim and those aspects of AIG's declaratory judgment counterclaim that relate to it. Indeed, it would be hopelessly complicated for the jury to render a verdict on the conversion-related counterclaim if it did not first confront, even if only in an advisory capacity, the question of whether AIG had an interest in the Acquired Shares that Starr could then convert. The Court, of course, will ultimately make its own independent findings of fact and draw its own conclusions of law as to the matters that fall within its purview, *see DeFelice v. American Int'l Life Assurance*, 112 F.3d 61, 65 (2d Cir.1997), but will also benefit from the parties' arguments to the jury on these issues.

Turning finally to Starr's new counterclaim seeking a declaratory judgment that it is not an affiliate or controlling person of AIG under federal securities laws, the gist

of the claim is that Starr has been hindered in its ability to transfer the Acquired Shares to third parties—including to AIG employees under the compensation plans that the Acquired Shares have been, for a number of years, used to fund, *see* Starr Reply and Counterclaim ¶ 3—because AIG has refused to clarify that Starr is not an affiliate of AIG. Under Rule 144(k), promulgated by the Securities and Exchange Commission ("SEC"), a holder of certain restricted securities (securities acquired via a private sale by the issuer, *see* 17 C.F.R. § 230.144(a)(3)) is exempt from certain restrictions on the transfer of those securities provided it is not an affiliate of the issuer and has held them for at least two years, 17 C.F.R. § 230.144(k).[2] AIG, however, has listed Starr as its affiliate on a number of Schedules 13D that are currently on file with the SEC. A Schedule 13D form must be filed with the SEC (as well as sent to the issuer) by any person who acquires more than 5% of a class of a registered equity security. 17 C.F.R. §§ 240.13d–1. *See also* 17 C.F.R. 240.13d–101. The Schedules 13D that Starr names have apparently been filed by AIG to disclose its ownership interest in third-party companies. *See* Starr Reply and Counterclaim ¶ 21. AIG has allegedly refused Starr's request that it amend these Schedules 13D to remove any references to Starr as an affiliate of AIG, *id.* ¶¶ 21–23, and has also allegedly not offered satisfactory assurances that it will omit any reference to Starr as an affiliate on future filings with the SEC, *id.* ¶ 24.

 When Starr brought this counterclaim, it demanded a jury trial. Starr Reply and Counterclaim at 51. It now contends, however, that if this action had come to the court without the benefit of the declaratory judgment procedure, it would have taken the form of an equitable action for an injunction compelling AIG to amend its 13D schedules and/or prohibiting AIG from making any future filings naming Starr as an affiliate. AIG, for its part, asserts that Starr's counterclaim is not justiciable by this Court; but that, if the counterclaim is justiciable, it should be tried to the jury because Starr did not bring an equitable claim against AIG seeking an injunction but rather brought a declaratory judgment action that it apparently believed to be legal in nature, since it demanded a jury trial.

 As already noted, the fact that an action is brought in the form of an action for declaratory judgment does not alter the scope of the parties' right to a jury trial. *See Simler v. Conner,* 372 U.S. 221, 223, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). "[T]o determine whether there is a right to jury trial in a declaratory judgment action, first it is necessary to determine in what kind of an action the issue would have come to the court if there were no declaratory judgment procedure." 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2313. To the extent that Starr has standing to bring a claim under the relevant provisions of the federal securities laws—an issue that may well end this claim in any event—it is conceivable that such a claim could take the form either of a legal claim seeking damages incurred as a result of Starr's inability to transfer the Acquired Shares, or of an equitable claim seeking an injunction compelling AIG to amend its SEC filings and refrain from making certain statements in future filings.

---

**2.** An amendment to the rule is pending that would shorten this holding period to 6 months. 72 F.R. 71546–01.

 Starr's statement of its counterclaim does not unequivocally indicate which type of action underlies its declaratory judgment claim. It states only that it is unable to transfer the Acquired Shares as a result of AIG's refusal to amend its SEC filings, Starr Reply and Counterclaim ¶¶ 3, 12, 17, 24, 32–34, 38, that AIG has refused to amend its previous SEC filings despite Starr's request that it do so, *id.* ¶¶ 3, 23–30, and that it "requests a declaration that Starr International is not an Affiliate of AIG under the federal securities laws," *id.* ¶ 39. Given the lack of other signals, the fact that Starr initially demanded a jury trial on this counterclaim is perhaps the clearest indication of what type of action it understood its declaratory judgment claim to be based upon: a legal action. Moreover, the longstanding federal policy favoring jury trials, *see, e.g., Simler,* 372 U.S. at 222, 83 S.Ct. 609, counsels in favor of finding a right to a jury trial in ambiguous cases, *see Prudential Oil Corp. v. Phillips Petroleum Co.,* 392 F.Supp. 1018, 1022 (S.D.N.Y.1975). AIG is therefore entitled to a jury trial of this counterclaim.

Having said that, however, the Court is very doubtful that this claim is justiciable at all. Unfortunately, the parties did not analyze this issue beyond conclusory assertions. The Court will therefore take up again with counsel, before opening statements to the jury, whether this claim even survives.

Meanwhile, for the foregoing reasons, AIG's counterclaim for conversion and any non-redundant portion of its declaratory judgment counterclaim that relates to its conversion claim will be tried by the jury, as will Starr's counterclaim for declaratory judgment if it is not otherwise dismissed. AIG's counterclaim for recognition of an express trust and breach of fiduciary duty and any non-redundant portion of its declaratory judgment counterclaim relating to the express trust/breach of fiduciary duty counterclaim will also be tried initially by the jury, but only in an advisory capacity, with the Court subsequently to make its own independent findings of law and of fact on the equitable claims.

SO ORDERED.